UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61203-CIV-ALTMAN/Hunt

**SONYA SLOTT**,

 *Plaintiff*,

v.

**ANAN ENTERPRISE, INC**,

 *Defendant*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Motion (Complaint) to Withdraw the Reference filed by the Defendant, Anan Enterprise, Inc. ("Anan"). *See* [ECF No. 1] ("the Motion"). For the reasons set out below, the Motion is **DENIED without prejudice**.

### THE FACTS

On January 16, 2019, the Consumer Advocacy Center, Inc. (the "Debtor")—operated by a man named Albert Kim—filed for Chapter 11 bankruptcy. *See* [ECF No. 1-1], at 7. Ultimately, the case was converted to a Chapter 7 proceeding, and the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") appointed the Plaintiff, Sonya Slott ("Slott"), as Trustee. *Id*. at 8. In her role as Trustee, Slott brought a four-count adversary proceeding against Anan in the Bankruptcy Court (the "Petition"). *Id*. at 7. In that Petition, Slott asked the Bankruptcy Court to void over $3.5 million the Debtor had transferred to Anan—which (then as now) was run by Albert Kim's brother-in-law, Kyle Kim. *Id.* at 4–11.[1] At the Debtor's Chapter 7 proceeding, Albert Kim testified that the transfers were for "marketing brochures,"

---

[1] Counts I and II of the Petition seek "avoidance" of these (allegedly) fraudulent transfers; Count III asks for "avoidance" of the preferential transfers; and Count IV seeks disgorgement of Anan's "unjust enrichment." *Id*. at 12–16.

which Anan never ultimately delivered. *Id.* at 11.

In late February of 2020, the parties agreed to continue the pretrial conference period until June 2, 2020. *Id.* at 126. But, shortly before the pretrial conference was set to resume, Anan filed this Motion, in which it asks the Court to withdraw the adversary proceeding from the Bankruptcy Court. Mot. at 1.

## THE LAW

District courts have original jurisdiction over all cases brought under Title 11. *See* 28 U.S.C. § 1334(a). Under 28 U.S.C. § 157, a district court may refer actions within its bankruptcy jurisdiction to its bankruptcy judges. The Southern District of Florida has a standing order that automatically refers all bankruptcy matters to the Bankruptcy Court. *See* Administrative Order 2012-25.

A district court "*may* withdraw" any proceeding referred to the bankruptcy court "*for cause shown.*" 28 U.S.C. § 157(d) (emphasis added).[2] "The decision of whether to grant a motion for permissive withdrawal is within the sound discretion of the district court." *Stok Folk + Kon, P.A. v. Fusion Homes, LLC*, 584 B.R. 376, 381–82 (S.D. Fla. 2018) (quoting *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).[3]

In deciding whether to withdraw a reference, courts in this Circuit consider the following factors: (1) the need to advance uniformity in bankruptcy administration; (2) the need to decrease

---

[2] Section 157(d) also provides for *mandatory* withdrawal in limited circumstances: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." No party has sought mandatory withdrawal here.

[3] *See also In re Palm Beach Fin. Partners, L.P.*, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) ("Here, the Court elects not to exercise its discretion to withdraw the reference at this time."); *In re Tousa, Inc.*, 2010 WL 1644456, at *3 (S.D. Fla. Apr. 19, 2010) ("Section 157(d) affords the district court discretion to grant a permissive withdrawal for 'cause.'").

forum shopping and confusion; (3) the most economical use of the parties' resources; (4) the need to facilitate the bankruptcy process; (5) whether the claims at issue are core or non-core; (6) the most efficient use of judicial resources; (7) any jury demand; and (8) the prevention of delay (the "*Stettin* factors"). *See, e.g.*, *Stettin v. Centurion Structured Growth LLC*, 2011 WL 7413861, at *2 (S.D. Fla. Dec. 19, 2011). The Defendant—as the movant—bears the burden of justifying the withdrawal of the reference. *See In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 792 (N.D. Ga. 2012).

## ANALYSIS

"[I]t is the regular practice of the District Court to withdraw the reference," if at all, "for purposes of the jury trial only." *Brown v. Petaccio*, No. 18-61222-CIV-BLOOM, at 2 (S.D. Fla. June 12, 2018), ECF No. 5; *see also Ginsburg v. Enis*, 10-62405-CIV-ZLOCH, at 3 (S.D. Fla. July 14, 2011), ECF No. 10 (noting that the "custom of this District" is to "allow the bankruptcy court to conduct all pre-trial matters"). This practice balances the rights a bankruptcy defendant may have to a jury trial, *see, e.g.*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 38 (1989), with the efficiencies that flow from allowing the bankruptcy court to adjudicate all pretrial matters in adversary proceedings. The Court sees no reason to deviate from this general practice here.

Facing the well-settled custom in this District, Anan asks this Court to withdraw the reference on the ground that he may—one day—have the right to a jury trial. *See* Motion at 1. But, even if Anan is entitled to a jury trial—a question the Court does not answer today—withdrawal would nonetheless be inappropriate *at this time*. Federal courts routinely deny a party's request to withdraw the reference "where the basis of the request is a party's entitlement to a jury trial." *In re Tousa, Inc.*, 2010 WL 1644456, at *5; *see also In re Fundamental Long Term Care, Inc.*, 2014 WL 2882522, at *2 (S.D. Fla. June 25, 2014) ("Allowing the Bankruptcy Court to retain jurisdiction over pretrial matters does not abridge a party's Seventh Amendment right to a jury

trial."); *In re Palm Beach Fin. Partners, L.P.*, at *2, *4 (S.D. Fla. July 8, 2013) (denying motion to withdraw reference without prejudice to the defendant to refile the motion when "the case is ready to go to trial"); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (noting that the "appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination *if* and *when* the case becomes trial ready") (emphasis added).

Anan's Motion is thus premature. Slott began the adversary proceeding in Bankruptcy Court on December 30, 2019. *See* [ECF No. 1-1] at 4. But, because Slott sought—and received—a stay of pretrial proceedings until June 2, 2020, *id.* at 126, the Bankruptcy Court only resumed its management of the case a few weeks ago. *See* Notice of Hearing at 1, *Slott v. Anan Enterprise, Inc.* (*In re Consumer Advocacy Center, Inc.*), Ch. 7 Case No. 19-10655-PGH, Adv. No. 19-01960-bk-PGH (Bankr. S.D. Fla. May 20, 2020), ECF No. 19. Thus, even if Anan is (someday) entitled to a jury trial, allowing the Bankruptcy Court to preside over pretrial matters *now* in no way abridges that right. *See In re Fundamental Long Term Care*, 2014 WL 2882522, at *2; *cf. Hvide Marine Towing, Inc. v. Kimbrell,* 248 B.R. 841, 845 (M.D. Fla. 2000) ("[T]he bankruptcy judge is 'fully equipped' with the necessary judicial skills to determine and resolve all legal issues arising in this case prior to trial.").

On this point, the Court finds Judge Marra's approach in *In re Palm Beach* instructive. *See In re Palm Beach*, 2013 WL 3490652, at *1. There, as here, the defendants had urged the district court to withdraw an adversary proceeding from the Bankruptcy Court because (they insisted) they were entitled to a jury trial. *Id.* The Court denied their motion and held that the defendants' "request for a jury trial does not require a withdrawal of the reference at this time." *Id*. Moreover, the court added, the defendants' request was premature because they could always re-raise the issue if they

later chose to exercise their "Seventh Amendment right to a jury trial by an Article III Court." *Id*. at *4.

In sum, waiting "until the case is ready to go to trial before withdrawing the reference"—and allowing "the bankruptcy court to resolve pretrial issues" in the first instance—is "consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." *In re Palm Beach*, 2013 WL 3490652, at *2. This approach is efficient, practical, and well within this Court's discretion. *Stok Folk + Kon*, 584 B.R. at 381–82.

***

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Motion to Withdraw the Reference [ECF No. 1] is **DENIED without prejudice** and with leave to refile once the case is ripe for trial.

2. The referral is **AFFIRMED** consistent with this Order.

3. The Clerk is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**. All pending motions are **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of June 2020.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     Clerk of Court, United States Bankruptcy
     Court for the Southern District of Florida

5